IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| VICTOR JAY LIECHTY, II and GRIM REAPER BROADHEADS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>EASTMAN OUTFITTERS, NEW ARCHERY PRODUCTS, INVENTIVE TECHNOLOGY, ROCKET AEROHEADS, BARRIE ARCHERY, LLC, and TROPHY RIDGE<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING:**<br>**MOTION FOR RELIEF FROM COURT ORDER; AND**<br>**GRANTING IN PART:**<br>**MOTION FOR DISCOVERY SANCTIONS;  MOTION FOR ATTORNEYS FEES; AND EASTMAN OUTFITTERS' MOTION TO COMPEL**<br><br>Civil No. 2:04-CV-00890 DAK<br><br>District Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

The following motions are pending in this case:

a.      [Plaintiffs'] Motion for Relief from Court Order;[1] and

b.      Defendant Eastman Outdoors' Motion for an Award of Costs and Attorney Fees.[2]

If the motion for relief is granted, Defendant Eastman Outdoors' Motion for Discovery Sanctions, or in the alternative, Motion to Compel will be revived.

This order grants the motion for relief; grants the motion to compel and motion for sanctions in part; and grants the motion for costs and fees in part.

**Background**

On September 21, 2004, Plaintiffs initiated this lawsuit against Eastman and others.[3]  On January 17, 2006, Eastman served Plaintiffs with its initial interrogatories, to which Plaintiffs

---

[1] Docket no. 36, filed July 11, 2006
[2] Docket no. 39, filed July 14, 2006
[3] Memorandum in Support of the Motion to Compel and Motion for Discovery Sanctions ("Supporting Memorandum") at 2; docket no. 31, filed May 16, 2006.

needed to respond by February 21, 2006.[4]  Plaintiffs did not respond in any way.[5]  Eastman

made good faith efforts to obtain the answers to discovery by writing letters, sending faxes, and

filing this motion.[6]  To date, Plaintiffs have not provided any response to Eastman's discovery.[7]

On May 16, 2006, after the Plaintiffs did not respond to the interrogatories, Eastman filed

a motion for sanctions to dismiss the suit or, in the alternative, a motion to compel.[8]  Plaintiffs

have not filed any responses or other documents with the court.  On June 21, 2006, Magistrate

Judge David Nuffer took Eastman's motions under advisement and warned Plaintiffs that under

DUCivR7-1(d) "Failure to respond timely to a motion may result in the court's granting the

motion without further notice."  Plaintiffs were told that if no response was filed before June 28,

2006, the court would rule on the current state of the record. [9]

When nothing else appeared of record after that notice, the court granted the motion to

compel and for sanctions in a docket text order, ordering Eastman to propose the formal order

under the rules.[10]  Eastman submitted an order simply dismissing the case[11] which varied from

the form of order submitted at the time the motion was made[12] and did not specify any

particulars in which discovery was compelled.

Plaintiffs promptly filed a motion for relief from the court's docket text order, claiming

that "[t]he parties reached a settlement agreement on or about June 12, 2006, in this matter. . . .

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Affidavit of Kristen L. Murphy at 4, docket no. 32, filed May 16, 2006.
[8] Eastman's Motion to Compel and Motion for Sanctions, docket no. 30, filed May 16, 2006.
[9] Docket no. 34, filed June 21, 2006.
[10] Docket no. 35, filed July 7, 2006.
[11] Docket no. 49, submitted July 10, 2006, lodged September 4, 2006.
[12] Docket no. 48, submitted May 16, 2006, lodged September 4, 2006.

The Plaintiffs assumed that this mooted the Motion to Compel as the settlement resolved the matter."[13]

Eastman, however, denies that any settlement was reached.  In fact, as of the latest filing in the case, Eastman still says "that an executed settlement agreement does not exist."[14] Apparently drafts were circulated (the latest including a small change requested by Plaintiffs' counsel) but never signed. [15]

Plaintiffs' counsel states that the settlement was actually reached in a meeting in May or June 2006 with Eastman's in-house counsel.[16]  He states that he "proposed a modification" to the first draft and later received the second draft of "the settlement agreement with the requested change."[17]  "Plaintiff respectfully requests that the court overturn its order . . . so that the parties can finalize the settlement agreement and execute the necessary stipulations to dismiss the case."[18]

## Discussion

## Motion for Relief from Court Order

Plaintiffs' motion for relief[19] from the docket text order granting the motion to compel and motion for sanctions is granted.  Given the mature discussions regarding settlement, the docket text order should be vacated.  The court was not fully informed when the docket text order was entered.

---

[13] Objection to Proposed Order and Motion for Relief at 1, docket no. 36, filed July 11, 2006.
[14] Defendant Eastman Outdoors' Reply Brief Supporting its Motion for an Award of Costs and Attorney Fees at 3, docket no. 47, filed August 18, 2006.
[15] The drafts and cover letters are Exhibits A and B to Plaintiffs' Motion for Relief, and were filed under seal as docket no. 46, on August 3, 2006.
[16] Declaration of Wesley M. Lang at 1, attached to docket no. 42, filed July 25, 2006.
[17] *Id.* at 2.
[18] Reply Memorandum in Support of Objection to Proposed Order and Motion for Relief, docket no. 42, filed July 25, 2006.
[19] Docket no. 36, filed July 11, 2006

**Motion to Compel**

The original motion to compel[20] should be granted, however, if settlement is not actually achieved in this case.   For some reason unknown, Plaintiffs have yet to return the settlement agreement to Eastman.  If the settlement agreement is not returned to Eastman, completely executed by Plaintiffs, on or before September 18, 2006, Plaintiffs must respond to the discovery subject of the motion to compel on or before September 29, 2006.

**Motion for Sanctions; Motion for an Award of Costs and Attorney Fees**

Similarly, the motion for sanctions[21] and the motion for attorney fees[22] will depend on the actual status of the case.  At the outset, however, it is possible to exclude the possibility of a dismissal sanction.

Before sanctioning a party with dismissal, the court must consider five factors: (1) the degree of prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[23]  In addition, "only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[24] Because the Plaintiffs in the current action have not received prior warning of the likely imposition of a dismissal sanction, and because the settlement negotiations were parallel to the discovery dispute, the court will not impose a dismissal sanction.

---

[20] Docket no. 30, filed May 16, 2006.
[21] Docket no. 30, filed May 16, 2006.
[22] Docket no. 39, filed July 14, 2006
[23] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1998)); *See also Willner v. Univ. of Kan.*, 848 F.2d 1023, 1030 (10th Cir. 1988).
[24] *Ehrenhaus v. Reynolds*, 965 F.2d at 921 (citing *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)(citations omitted)).

However, it is entirely appropriate that Plaintiffs pay "the reasonable expenses incurred in making the motion [to compel], including attorney's fees"[25] if this case is not truly settled. The reasonable expenses in this motion to compel include the motion itself and the related motion for attorneys' fees.

This table summarizes the allowable fees and expenses:

| Category | Amount |
|---|---|
| Activities preparatory to filing motion[26] | $309.75 |
| Lexis-Nexis Research[27] | $105.43 |
| Activities related to the motion, after filing, before motion for relief[28] | $3,490.25 |
| TOTAL | $3,905.43 |

The fees incurred after the dispute about whether the case was settled or not should not be awarded, as they are in a different phase of the case.   And no fees should be awarded if the case was truly settled.

## WARNING

**Plaintiffs are warned that failure to comply with an order compelling discovery may result in sanctions which include dismissal of claims and monetary relief.**

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for relief[29] from the docket text order granting the motion to compel and motion for sanctions is GRANTED.   The docket text order (docket no. 36) is VACATED.

---

[25] Fed. R. Civ. P. 37(a)(4)(A).
[26] Declaration of Kristin L. Murphy, ¶¶ 6-11.
[27] *Id.* ¶ 31.
[28] *Id.* ¶¶ 12; 18-20; 23.
[29] Docket no. 36.

IT IS FURTHER ORDERED that Eastman's motion to compel;[30] motion for sanctions;[31] and motion for attorney fees[32] are GRANTED IN PART.  In the event Plaintiffs do not supply the July 6, 2006, version of the settlement agreement – fully executed by Plaintiffs – to Eastman on or before September 18, 2006, then Eastman shall submit the form of an order that Plaintiffs pay $3,905.43 as attorneys fees and sanctions and on or before September 29, 2006, Plaintiffs must respond to the discovery subject of the motion to compel.

Dated this 5th day of September, 2006.

BY THE COURT

_____
David Nuffer
United States Magistrate Judge

---

[30] Docket no. 30.
[31] *Id.*
[32] Docket no. 39.